IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID EUGENE HOLSINGER, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. JRR-21-2733 |
| MAJOR WARDEN ROWE, and CAPTAIN MOORE, | * | |
| | * | |
| Defendants. | | |

\*\*\*

# MEMORANDUM OPINION

Self-represented Plaintiff David Eugene Holsinger filed this civil action pursuant to 42 U.S.C. § 1983, alleging that Defendants failed to enforce and comply with COVID-19 procedures and protocols, which caused him to contract COVID-19 while he was incarcerated at the Washington County Detention Center in Hagerstown, Maryland ("WCDC"). (ECF Nos. 1 and 5; together, ECF No. 1 and the supplement thereto at ECF No. 5 are referred to as the "Complaint.")[1] Holsinger seeks compensatory and punitive damages, injunctive and declaratory relief, and an award of costs. ECF No. 1 at 9. Pending before the court is Defendants Rowe and Moore's Motion to Dismiss or, in the Alternative, for Summary Judgment. (ECF No. 16; the "Motion.")[2] No hearing is necessary. Local Rule 105.6 (D. Md. July 2021). For the reasons set forth below, the Motion will be granted and the Complaint will be dismissed without prejudice.

---

[1] Numerous correctional officers were originally named as defendants, but were subsequently dismissed from the action. ECF Nos. 4-5, 11.

[2] Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff that failure to respond to the Motion could result in dismissal of the Complaint or judgment in favor of Defendants. ECF No. 17. Plaintiff did not respond to the Motion.

## BACKGROUND

### A. The Complaint

According to the Complaint,[3] WCDC had an outbreak of COVID-19 in February of 2021. ECF No. 1 at 3. Holsinger alleges that officers at the institution were not wearing masks prior to the outbreak, even though there was a mask mandate in place. *Id*. at 4. He further alleges that there was no vaccine mandate, new inmates were not quarantined for 14 days, once weekly testing was insufficient, and various other allegations of lackadaisical health protocols and possible COVID-19 exposure, including a second "outbreak" in September of 2021. *Id*. at 4-7. Holsinger states that he was diagnosed with COVID-19 on February 13, 2021, and has suffered headaches, brain fog, rapid heart rate, shortness of breath, and fatigue as a result. *Id*. at 5. Holsinger alleges further that although he filed a grievance to address his concerns, he "experienced nonchalance and blame passing as the response," and that he "do[es] not believe this facility has an appeal process for grievances." ECF No. 1 at 3-4.

### B. The Motion

Defendants argue that (1) Holsinger failed to exhaust administrative remedies; (2) his requests for injunctive relief are moot; (3) Defendants are protected by qualified immunity; (4) violations of Defendant's policies and procedures, regulations, and state law do not provide a basis for a constitutional violation; and (5) Holsinger has failed to sufficiently plead personal participation on the part of either Defendant. ECF No. 16-1.

---

[3] For purposes of adjudicating the Motion, the court accepts as true all well-pled allegations.

## ANALYSIS

### A. Legal Standards

*Federal Rule of Civil Procedure 12(b)(6)*

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

*Federal Rule of Civil Procedure 56*

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. When considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id*. at 249. Trial courts in the Fourth Circuit have an "affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d

774, 778–79 (4th Cir. 1993)). A "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala,* 166 F. Supp. 2d 373, 375 (D. Md. 2001) (citations omitted).

Further, in undertaking this inquiry, the court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Libertarian Party of Va.*, 718 F.3d at 312; *see also Scott v. Harris*, 550 U.S. 372, 378 (2007). Critically, on a Rule 56 motion, the court "must not weigh evidence or make credibility determinations." *Foster v. University of Md.-Eastern Shore*, 787 F.3d 243, 248 (4th Cir. 2015) (citing *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007)); *see also Jacobs*, 780 F.3d at 569 (explaining that the trial court may not make credibility determinations at the summary judgment stage). Indeed, it is the function of the fact-finder to resolve factual disputes, including issues of witness credibility. *See Tolan v. Cotton*, 572 U.S. 650, 660 (2014).

If the Motion is unopposed the court must still determine that there are no genuine issues of material fact and that Defendant is entitled to judgment as a matter of law. *Custer v. Pan Am. Life Ins. Co.,* 12 F.3d 410, 416 (4th Cir. 1993). "Although the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show that the uncontroverted facts entitle the party to 'a judgment as a matter of law.'" *Id.*

**B. Exhibits**

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), a court usually does not consider evidence outside of the complaint. When resolving a Rule 12(b)(6) motion, a court may consider a document beyond the complaint without converting the motion to dismiss to one for summary judgment if the document is "integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity." *Am. Chiropractic Ass'n, Inc. v. Trigon Healthcare*

*Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (quoting *Phillips v. LCI Int'l Inc.,* 190 F.3d 609, 618 (4th Cir. 1999)); *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015). "An integral document is a document that by its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC* 794 F. Supp. 2d. 602, 611 (D. Md. 2011) (quoting *Walker v. S.W.I.F.T. SCRL*, 517 F. Supp. 2d 801, 806 (E.D. Va. 2007)). "In addition to integral and authentic exhibits, on a 12(b)(6) motion the court 'may properly take judicial notice of matters of public record.'" *Id.* (quoting *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)).

Defendants attach numerous exhibits to the Motion. The court will consider Exhibits F and G (ECF Nos. 16-8 and 16-9) – which set forth the WCDC Inmate Grievance Procedure – without converting the Motion to one for summary judgment, because, as detailed below, Plaintiff's right to pursue his action is dependent upon his exhaustion of administrative remedies, which begin with the Inmate Grievance Procedure. Therefore, Plaintiff's right to sue arises from invocation of the Inmate Grievance Procedure. Further, because Plaintiff has failed to respond to the Motion, he has not challenged the authenticity of these exhibits and the court is satisfied they are what they purport to be.

### C. Exhaustion of Administrative Remedies

Defendants assert the affirmative defense that Holsinger failed to exhaust his administrative remedies. Under the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134 § 803, 110 Stat. 1321 (1996) (codified as amended at 42 U.S.C. § 1997e(a)):

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (2018).  An inmate must exhaust administrative remedies before filing any "suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Exhaustion is mandatory and generally may not be excused unless the administrative procedure is not available.  *See Ross v. Blake*, 578 U.S. 632, 642 (2016) (holding that an inmate "must exhaust available remedies, but need not exhaust unavailable ones").  "[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008).  In *Ross*, the United States Supreme Court identified three circumstances when an administrative remedy is unavailable.  An administrative procedure is not available when officers are consistently unwilling or unable to provide relief to aggrieved inmates, the procedure is so opaque that it is practically incapable of use, or prison administrators actively thwart inmates from filing grievances.  578 U.S. 632.

WCDC has established an inmate grievance procedure, set out in the facility's Policy and Procedures and in WCDC's Inmate Handbook.  ECF No. 16-8, 16-9.  The procedure directs any inmate with a grievance to obtain an "Inmate Request Form" which he may use to request one or more copies of the "Inmate Grievance Form" from the Classification Counselor, who will forward the requested grievance form to the inmate.  *Id*.  The inmate must complete the inmate grievance form and return it to a deputy who then returns it to the Classification Counselor.  *Id*. at 1-2.  The procedure dictates that  the Classification Counselor will then forward the grievance form to either the Captain of Administration or Captain of Operations, depending on the subject matter of the grievance.  *Id*. at 2.  A Captain will review the grievance and respond within 15 days unless

additional time is warranted under the rules. *Id*. Importantly, the procedure provides a means of appeal: "[a]n inmate may appeal the disposition of a Grievance by filing a written appeal to the Warden within (7) days following its receipt." *Id*. The Warden must forward the appeal disposition to the inmate within 15 days of receipt. *Id*.

Holsinger filed an inmate grievance on August 22, 2021, complaining that officers were either not wearing masks or were wearing them improperly. ECF No. 1-1 at 3. Captain Moore responded to Holsinger's grievance on September 3, 2021, stating that the Sheriff issued an order that all staff shall wear a mask (and that it is equally important that inmates properly wear their masks). *Id*. at 4. Holsinger concedes he did not appeal the response to his grievance prior to filing the Complaint, because he did not believe there was any appeal process at WCDC. ECF No. 1 at 3. Holsinger does not allege that the appellate process was unavailable to him. *Id*. As such, the record demonstrates that Holsinger did not exhaust his available administrative remedies prior to filing the present action. Therefore, Defendants' Motion will be granted.[4]

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment will be GRANTED. Holsinger's claims will be DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies. A separate Order shall issue.

/S/

February 3, 2023
Date

Julie R. Rubin
United States District Judge

---

[4] As the Complaint is being dismissed without prejudice for failure to exhaust administrative remedies, there is no need to address Defendants' remaining arguments at this time.